# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BARBARA HARDESTY, et al.,**

    **Plaintiffs,**

  v.                              Civil Action 2:21-cv-2798
                                     Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Jolson

**BONEFISH GRILL, LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Undersigned on Plaintiffs' Motion to Remand (Doc. 13). For the following reasons, it is **RECOMMENDED** that Plaintiffs' Motion to Remand be **GRANTED** and Plaintiffs' request for attorney's fees be **DENIED.**

**I.    BACKGROUND**

This case arises from Plaintiff Barbara Hardesty's fall at a restaurant, the Bonefish Grill, in Dublin, Ohio. Ms. Hardesty and her husband, who is also a Plaintiff, allege that she fell on her way to the bathroom due to an "indiscernible defect in the restaurant's wooden floor . . . ." (Doc. 4 at 3). Plaintiffs name Defendants Bonefish Grill, LLC, Bonefish Grill (Dublin location), Tim Lam, and John Doe #1– 5. (Doc. 4 at 1). For diversity purposes, Plaintiffs are citizens of Ohio (Doc. 4 at 1); Defendant Lam is a citizen of Ohio (Doc. 13 at 3); and Defendant Bonefish Grill, LLC is a Florida limited liability company (Doc. 1 at 2). Ms. Hardesty seeks to recover in negligence from all defendants jointly and severally (Doc. 4 at 7); and her husband seeks to recover for loss of consortium (Doc. 4 at 7).

Plaintiffs originally brought this action in the Franklin County, Ohio Court of Common Pleas (Doc. 4), but Defendant Bonefish Grill, LLC removed the action to this Court. (Doc. 1). Plaintiffs disagree with Defendant's assertion of diversity jurisdiction and, on July 2, 2021, moved to remand. The parties fully briefed the matter (Docs. 16, 18), but asked for the Court to delay ruling so that they could pursue extrajudicial resolution (Doc. 17). The parties participated in a mediation conference on September 14, 2021, but it did not result in settlement. So the Motion (Doc. 13) is now ready for resolution.

## II. STANDARD

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citations omitted). Congress granted District Courts diversity subject matter jurisdiction "in civil actions between citizens of different States." *Id*. (citing 28 U.S.C. § 1332). "A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally." *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir.), cert. denied, 141 S. Ct. 239 (2020) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

## III. DISCUSSION

Defendant Bonefish Grill, LLC asserts that this Court has diversity subject matter jurisdiction because Defendant Lam is merely a nominal party, and thus complete diversity exists between the Ohio Plaintiffs and the Florida Defendant Bonefish Grill, LLC. (Doc. 1 at 2). Unsurprisingly, Plaintiffs have a different view. They argue that complete diversity is lacking—

and thus remand is required—because Tim Lam, an Ohio citizen, is neither a nominal party nor fraudulently joined. (Doc. 13 at 1–2). The Undersigned finds that Defendant Lam is neither a nominal party nor fraudulently joined, so complete diversity is lacking. Therefore, it is **RECOMMENDED** that Plaintiffs' Motion to Remand be **GRANTED**.

### A. Nominal Party

Defendant Bonefish Grill, LLC removed to federal court claiming that Defendant Lam was joined merely as a nominal party: "Plaintiffs have attempted to name a nominal party Defendant Tim Lamp [*sic*] ostensibly to try to defeat diversity jurisdiction." (Doc. 1 at 2). Plaintiffs refute that Defendant Lam is a nominal party and move for remand on the basis that this Court lacks diversity jurisdiction. (Doc. 13).

A party cannot defeat diversity jurisdiction by joining a party with no real interest in the case. Parties "must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). The Court "must disregard nominal . . . parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461. A real party to the controversy is "one who, by the substantive law, has the duty sought to be enforced or enjoined." *Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989). But a nominal party is "one who, in a genuine legal sense, has no interest in the result of the suit, or no actual interest or control over the subject matter of the litigation." *Id.* If a party is a real party in interest, "it is immaterial that his joinder was motivated by a desire to defeat jurisdiction." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). The removing party bears the burden of establishing that diversity jurisdiction requirements are satisfied. *ElZayn v. Campbell*, No. 2:20-CV-493, 2020 WL 1164783, at *2 (S.D. Ohio Mar. 11, 2020). Of note, all doubt should

3

be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

Here, Defendant Tim Lam is not a nominal party whose citizenship can be ignored when assessing diversity jurisdiction. Plaintiffs seek to recover from Tim Lam in negligence. (Doc. 4 at 4–6). As the removing party, Defendant Bonefish Grill, LLC bears the burden of establishing federal jurisdiction. *See Eastman*, 438 F.3d at 549; *ElZayn*, 2020 WL 1164783, at *2. Defendant Bonefish Grill, LLC argues that Defendant Lam is a nominal party because he is a manager, not an owner. (Doc. 1 at 2, 4; Doc. 16 at 2). It states that "control as a manager does not equate with legal liability for purposes of a slip and fall such as this one." (Doc. 1 at 4). Yet, it does not provide Ohio law stating that a manager can never be held liable under premises liability nor does it address ordinary negligence liability. In such a circumstance, remand is required. *See Rinehart v. Wal-Mart, Inc.*, No. 3:20-CV-102, 2020 WL 4937096, at *2 (N.D. Ohio Aug. 24, 2020) (remanding to State Court because the Defendants failed to identify Ohio law that holds that a manager could not be held liable under a premises liability negligence theory).

Since Defendant Lam may be liable in negligence under Ohio law—and because doubt should be resolved in favor of remand—the Court concludes that Defendant Lam is a real party in interest at this stage of the proceeding. This means that Defendant Lam's citizenship matters in determining diversity jurisdiction. Because he is an Ohio citizen, along with Plaintiffs, there is not complete diversity. And the Court lacks jurisdiction to hear the case.

### B. Fraudulent Joinder

Although Defendant Bonefish Grill, LLC did not address fraudulent joinder in the Notice of Removal (Doc. 1), Plaintiffs raise it in the Motion to Remand (Doc. 13 at 2–4). In the interest of thoroughness, the Court will address it.

Fraudulent joinder allows a defendant to remove a case to federal court despite the lack of complete diversity. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011). The removing party bears the burden to prove fraudulent joinder. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). "[T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for recovery against non-diverse defendants, the Court must remand the case to state court. *Id.* "The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand." *Id.* "The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Walker*, 443 F. App'x at 953 (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).

Plaintiffs have not fraudulently joined Defendant Lam for the same reasons that Defendant Lam is not a nominal party. Defendant Bonefish Grill, LLC argues that Defendant Lam is merely a manager, not an owner, so he cannot be held liable. (Doc. 1 at 2, 4). Yet, as noted, Defendant has not shown any case law holding that a manager can never be held liable for negligence under a premises liability theory under Ohio law.

The Court is aware that an opposite conclusion was reached in *Duncan v. Wal-Mart Stores, Inc.*, No. 2:13-CV-00482, 2013 WL 6198308, at *6 (S.D. Ohio Nov. 27, 2013). In that case, the Court shifted the burden to the non-removing party: "[P]laintiff has not pointed to any case law demonstrating that there is an ambiguity in state law that might permit this action to proceed against [the manager]." *Duncan*, 2013 WL 6198308, at *6. As the District Court for the Northern

5

District of Ohio recently noted, "[i]t is not the plaintiff's burden to affirmatively show the plaintiff will prevail on the plaintiff's theory; instead it is the defendant's obligation to show it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Rinehart*, 2020 WL 4937096, at *2 (internal quotation marks omitted).

To establish negligence in Ohio, "one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St. 3d 75, 77 (1984). "Ohio law permits a party who has been injured by the alleged negligence of an employee acting within the scope of her employment to sue the employee, the employer, or both." *Rinehart*, 2020 WL 4937096, at *2 (citing *Flagg v. City of Bedford*, 218 N.E.2d 601 (Ohio 1966); *Losito v. Kruse*, 24 N.E.2d 705 (Ohio 1940)). While the parties' briefs focus on premises liability (Docs. 1, 4, 13, 16, 18), the Plaintiffs also allege that "Tim Lam was made aware of the hazardous condition on multiple occasions" (Doc. 4 at 3) and allege that Defendants, including Defendant Lam, owed a duty to "exercise ordinary care in maintaining the premises at Bonefish Grill in a reasonably safe condition so that business invitees are not unnecessarily and unreasonably exposed to danger" (Doc. 4 at 4–5). These allegations, along with the rest of the complaint allegations, are sufficient to state a colorable claim against Lam for negligence.

In sum, Defendant Bonefish Grill, LLC has not shown that Plaintiffs have no colorable cause of action against Defendant Lam, especially given that uncertainties about controlling state law should be resolved in favor of the non-removing party. Thus, the Court finds that Plaintiffs have not fraudulently joined Defendant Lam. Because Defendant Lam's citizenship cannot be ignored, there is not complete diversity; the Court lacks jurisdiction to hear this case.

    **C.**    **Attorney's Fees**

Finally, the Court notes that Plaintiffs move for attorney's fees on the basis of improper removal. (Doc. 13 at 8). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). While the Defendant's argument did not carry the day, Defendant Bonefish Grill, LLC did not lack an objectively reasonable basis for seeking removal. It is **RECOMMENDED** that Plaintiffs' request for fees be **DENIED**.

### IV. CONCLUSION

For these reasons, it is **RECOMMENDED** that Plaintiffs' Motion to Remand to State Court be **GRANTED** and Plaintiffs' request for attorney's fees be **DENIED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties' written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 29, 2021                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE